PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2241 (Rev. 10/10)
ADOPTED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

Case 4:22-cv-00732-O   Document 3   Filed 08/11/22   Page 1 of 11   PageID 4

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 11 2022
CLERK, U.S. DISTRICT COURT
By_____ MS
      Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 28 U.S.C. § 2241

_Charles Laymon Cox_
PETITIONER
(Full name of Petitioner)

_Robertson Unit_
_12071 FM 3522, Abilene, Tx. 79601_
CURRENT PLACE OF CONFINEMENT

vs.

_1463721_
PRISONER ID NUMBER

_3-22CV1761-L_
CASE NUMBER
(Supplied by the District Court Clerk)

_Brian Collier T.D.C.J. Director_
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except that ONE separate additional page is permitted in answering question 10.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show

that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only one sentence, conviction, disciplinary proceeding, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petition(s).

6. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.

7. It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**PLEASE COMPLETE THE FOLLOWING:** (check the appropriate number)
This petition concerns:
1. ___  ___  pretrial detention;
2. ✓   ___  a conviction;
3. ___  ___  a sentence;
4. ___  ___  jail or prison conditions;
5. ___  ___  a prison disciplinary proceeding;
6. ___  ___  parole or mandatory supervision;
7. ___  ___  time credits;
8. ___  ___  other (specify): _____

**Have you pursued to completion all relevant state and/or prison administrative remedies relevant to your complaint(s) before filing this petition.** (Yes)   No   **If yes, what was the date of the result and the result of any such proceeding. If no, explain why you have not pursued all such remedies.** _Motion for Reconsideration, Denied 12-07-2020 (WR 78,951-05) in the Court of Criminal Appeals_

2

1. Place of detention: *Robertson Unit, 12071 FM 3522 Abilene, Tx. 79601*

2. State the offense with which you have been charged and whether you have been convicted of the charged offense(s) or whether you are still awaiting trial: *Convicted, Agg. Sex Assault of a Child under 14 yrs. of age, Count 1 of Indictment Penetration of female sex organ by a finger*

3. Name and location of court in which your case is pending or in which you were convicted: *Convicted in the 213th District Court Tarrant County, 401 West Belknap, Fort Worth, Texas*

4. The criminal docket or case number and the offense(s) for which you have been charged or convicted: *Case No. 0647447-D*

5. If you have been convicted of the charged offense(s), the date upon which sentence was imposed and the length of the sentence: *10-04-2007, Sentence 65 yrs*

6. Check whether a finding of guilty was made:

    a. after a plea of guilty        _✓_

    b. after a plea of not guilty    _ _

    c. after a plea of nolo contendere  _✓_

7. If you were found guilty, check whether that finding was made by:

    a. a jury        _ _

    b. a judge without a jury   _✓_

8. Did you appeal from the judgment of conviction or the imposition of sentence?

    (Yes)        No

3

9. If you did appeal, give the following information for each appeal:

   a. (1) Name of court and docket or case number:
   Second District Court of Appeals, Case No. 2-07-378 CR

   (2) Result and date of result: Affirmed Sept. 25, 2008 for lack of record to dispute claims.

   (3) Grounds raised (list each):

   (a) Ineffective trial counsel, failure to object to hearsay testimony

   (b) _____

   (c) _____

   (d) _____

   b. (1) Name of court and docket or case number:
   Texas Court of Criminal Appeals P.D.R. 0044-09

   (2) Result and date of result: Refused Feb. 04-2009

   (3) Grounds raised (list each):

   (a) Ineffective trial counsel, failure to object to hearsay testimony

   (b) _____

   (c) _____

4

(d) _____

_____

10. State concisely every ground on which you claim that you are held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page only behind page 6.

   **CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. Do not argue or cite law. Just state the specific facts that support your claim. Legal arguments and citation to cases or law should be presented in a separate memorandum.**

   a. **GROUND ONE**: _Actual Innocence_
   _The Judgment Adjudicating Guilt is Void from it's inception (Exhibit F)_
   _Without authority to proceed to adjudicate guilt on a Void Plea of Guilt._

   Supporting facts: _The Judgment states in relevent part: 'The Court had previously received Defendant's plea of guilty or nolo contendere, heard the evidence, found it substanted Defendant's guilt.' The Written Plea Admonishment Guilty Plea is Void (Exhibit B). The Court failed to define or disclose, any where in the Admonishment, the obligations imposed by the term Sex Offender Case load as a condition of Deferred Adjudication Probation. And where the term Sex Offender Case load is a vague and misleading representation of the unlawful conditions of probation in the Supplement/Amendment to Conditions of Community Supervision (Exhibit E), furthermore voids the agreement to plead guilt. The Court proceeded to a determination of guilt on a Void Plea of Guilt._

   b. ~~**GROUND TWO**: Actual Innocence~~
   ~~The Judgment Adjudicating Guilt is Void from it's inception (Exhibit F)~~
   ~~The Unadjudicated Judgment on the original proceeding breached agreement to plead guilt, voiding the Written Plea Admonishment Guilty Plea. (Exhibit B)~~

   ~~Supporting facts: The Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence (Exhibit C), is Void upon it's face and lacked a valid guilty plea. The trial court without an adjudication of guilt, assessment of punishment or pronouncement of sentence, had neither legislated or constitutional due process authority to Order Deferred Adjudication Probation (Exhibit D) and Judge Ordered Probation Suspending imposition of the judgment of conviction to impose unlawful conditions of probation in the Supplement/Amendment to Conditions of Community Supervision (Exhibit F)~~

5

~~: Mental Health Treatment barred by Deferred Adjudication statute and Sex Offender Registration barred by Ex Post Facto Laws voiding the Written Plea Admonishment Guilty Plea, and Judgment Adjudicating Guilt on that Plea.~~

b. **GROUND** ~~THREE~~ **: TWO:** Actual Innocence
The Judgment Adjudicating Guilt is Void from it's inception (Exhibit F)
The Unadjudicated Judgment on the original proceeding breached agreement to plead guilty, Voiding the Written Plea Admonishment Guilty Plea (Exhibit B)

Supporting facts: The Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence (Exhibit C), is Void upon it's face and lacked a valid guilty plea. The trial court without an adjudication of guilt, assessment of punishment or pronouncement of sentence, had neither legislated or constitutional due process authority to Order Deferred Adjudication Probation **and** Judge Ordered Probation suspending imposition of sentence of the judgment of conviction to impose unlawful conditions of probation in the Supplement/Amendment to Conditions of Community Supervision: Mental Health Treatment barred by Deferred Adjudication Statute and Sex Offender Registration barred by Ex Post Facto Law, voiding the Written Plea Admonishment Guilty Plea, and Judgment Adjudicating Guilt.

d. **GROUND FOUR:** _____

_____

_____

Supporting facts: _____

_____

_____

_____

_____

_____

_____

6

11. Relief sought in this petition: _Order to vacate Void Judgment Adjudicating Guilt (No. 0647447-D) found upon the Void Guilty Plea and release Charles Laymon Cox Id. 01463721 from unlawful confinement by the Texas Department of Criminal Justice Institutional Division at Robertson Unit, 12071 FM 3522 Abilene, Tx. 79601_

12. Have you filed a previous application or petition for habeas corpus or any other application, petition or motion with respect to the grounds raised in this petition?

    (Yes)    No

13. If your answer to Question No. 12 is yes, give the following information as to each previous application, petition, or motion:

    a. (1) Name of court and docket or case number: _213th District Court Tarrant County C-213-W011794-0647447-B_

    _Texas Court of Criminal Appeals (WR 78,951-05)_

    (2) Result and date of result: _Dismissed Without Written Order, October 28, 2020_

    (3) Grounds raised (list each):

    (a) _Actual Innocence; The Unadjudicated Judgment on Plea of Guilty or Nolo Contendere and Suspending Imposition of Sentence is Void; The Written Plea Admonishment Guilty Plea is Void; The Judgment Adjudicating Guilt is Void._
    (b) _____

    (c) _____

    (d) _____

    b. (1) Name of court and docket or case number: _____

    (2) Result and date of result: _____

    (3) Grounds raised (list each):

    (a) _____

7

(b) _____

_____

(c) _____

_____

(d) _____

_____

14. If applicable, state whether you have filed a motion under 28 U.S.C. § 2255, and if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention.

_____

_____

_____

_____

_____

_____

15. Are you presently represented by counsel?     Yes     (No)
If so, name, address and telephone number of attorney:_____

_____

16. If you are seeking leave to proceed *in forma pauperis*, have you completed an application setting forth required information?     Yes     (No)

8

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _____*August 2, 2022*_____ (month, day, year).

Executed (signed) on *August 2, 2022* (date).

*Charles Raymon Cox Id. 01463721*
Signature of Petitioner (required)

Petitioner's current address:

*Robertson Unit*

*12071 FM 3522*

*Abilene, Texas 79601*

_____

9



In The
United States District Court
Office of the Clerk
For The Northern District
Dallas, Texas

From: Charles Laymon Cox pro se
T.D.C.J. Id. 01463721
Robertson Unit
12071 FM 3522
Abilene, Tx. 79601

August 2, 2022

To the Honorable Clerk

You will find enclosed Two Motions (2pgs), One Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (9pgs), Memorandum of Law and Authorities with Appendix 37(pgs) total 48 pages. The $5.00 dollar filing fee will be forthcoming as soon as the withdrawal from my trust fund is approved.

Respectfully
Charles Laymon Cox

Petitioner does not have access to a copy machine, would the Clerk please make any copies necessary for the Court.
Thank you

Charles Laymon Cox
Id. 1463721
Robertson Unit
12071 FM 3522
Abilene, Tx. 79601

Legal

United States District Court
Office of the Clerk
Northern District of Texas
1100 Commerce St. Room 1452
Dallas, Tx. 75142-1310

RECEIVED - 7

AUG 11 2022

MAILROOM